UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                CRIMINAL ACTION

VERSUS                                  NO: 07-105

CHARLES EUGENE PREWITT                  SECTION: R(3)

**ORDER AND REASONS**

Before the Court is petitioner Charles Eugene Prewitt's motion for a certificate of appealability. (R. Doc. 253.)

The Rules Governing Section 2255 Proceedings were amended in 2009, and Rule 11 now provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." RULES GOVERNING SECTION 2255 PROCEEDINGS, Rule 11(a). A court may only issue a certificate of appealability if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In *Miller-El v. Cockrell*, the Supreme Court held that the "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] 'adequate to deserve encouragement to proceed further.'" 537 U.S. at 336. With respect to claims denied on procedural grounds, the petitioner must make a two-part

showing: (1) that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling," and (2) that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Johnson v. Quarterman*, 483 F.3d 278, 284 (5th Cir. 2007) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Prewitt's motion does not satisfy these standards. He claims that his sentence was unreasonable, but Prewitt waived his right to appeal his sentence in his plea agreement. Furthermore, Prewitt's arguments with regard to his counsel's ineffectiveness, with no independent indicia of merit and no explanation as to why prejudice might have resulted, do not amount to a substantial showing that his constitutional rights were compromised, nor would it engender any type of debate among reasonable jurists.

For the foregoing reasons, Turner's motion under § 2255 is DISMISSED. The Court will not issue a certificate of appealability.

New Orleans, Louisiana, this  1st  day of April, 2010.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE